■ ARNOLD GERSON, Respondent, v. HOWARD E. FINKELSTEIN, Appellant.— Order of the Supreme Court, Queens County, dated March 3, 1967 and entered in Kings County, which granted defendant's motion to dismiss the action pursuant to CPLR 3012 (subd. [b]), "unless the complaint is served within 10 days", etc., modified by striking out the conditional clause in the decretal paragraph, i.e., all the words after the word "granted". As so modified, order affirmed, with $30 costs and disbursements. The allegations of malpractice in the complaint served after the motion was made relate to events occurring in June, 1963. A summons alone was served on March 28, 1966. Notice of appearance and written demand for complaint were served on plaintiff's attorney on April 12, 1966. The motion to dismiss the action was made after more than nine months had passed without service of a complaint and without any extension of time via stipulation or court order; as stated, the complaint was served after the motion to dismiss was made. Plaintiff never moved to open his

default; there is no affidavit of merits; and the tendered excuse that "inadvertence and illness and serious injuries sustained in my family [the attorney's]" caused the delay is unacceptable. The delay here is too inordinate in view of all the circumstances. It was an improvident exercise of discretion to refuse to grant the motion to dismiss unconditionally (CPLR 3012, subd. [b]; see, *Schwartz* v. *National Fire Ins. Co. of Hartford,* 25 A D 2d 727; *Graziano* v. *Albanese,* 24 A D 2d 712; *Salinger* v. *Hollander,* 19 A D 2d 559; *Borreggine* v. *Di Ponzio,* 10 A D 2d 811). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.